```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

**BARBARA HAFFEY BOGY, INDIVIDUALLY AND**
**AS MOTHER AND NEXT FRIEND OF THOMAS P.**
**HAFFEY, A MINOR; MOLLIE HAFFEY CALDWELL;**
**AND JAMES L. HAFFEY, JR.**                                **PLAINTIFFS**

**VS.**                            **CIVIL ACTION NO. 5:01CV116-WHB-JMR**

**FORD MOTOR COMPANY;**
**BRIDGESTONE/FIRESTONE, INC.;**
**AND KILLENS MOTORS, INC.**                                **DEFENDANTS**


                         **OPINION AND ORDER**

   This cause is before the Court on the following Motions:

1) the Motion of Defendant Ford Motor Company (hereinafter "Ford") for Summary Judgment; and

2) the Motion of Defendant Ford for Summary Judgment on Additional Grounds.

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds that both of the Motions should be granted, and that this case should be finally dismissed.

   **I.  Factual Background and Procedural History**

   This cause of action arises out of an automobile accident in which James L. Haffey was killed.  James L. Haffey was the husband of Plaintiff Barbara Haffey Bogey, and the father of Plaintiffs Thomas P. Haffey, Mollie Haffie and James L. Haffey, Jr.  The one-

vehicle accident, which occurred on August 4, 1997, involved a 1994 Explorer equipped with Firestone tires.  Bogy was driving at the time of the accident.  She lost control of the Explorer when the treads separated on one the Firestone tires.  Haffey, who was riding in the front passenger seat, was killed when the Explorer rolled over.

Aggrieved by Haffey's death, Plaintiffs filed a products liability cause of action against Ford, Bridgestone/Firestone, Inc. (hereinafter "Firestone") and Killens Motors, Inc. (hereinafter "Killens") in the Circuit Court of Yazoo County, Mississippi. Killens sold the Explorer to Haffey, and as stated above, Firestone manufactured the tires in issue.  That suit, which was filed on January 9, 1998, is referenced herewith as "the initial suit."  The parties reached a settlement agreement in the initial suit and an Order dismissing the case with prejudice was entered by the Circuit Court of Yazoo County on May 19, 1999.

At some time after the initial suit was settled and dismissed, Plaintiffs learned that Ford and Firestone allegedly gave fraudulently misleading responses and/or answers during the discovery process.  Based on this belief, on March 22, 2001, Plaintiffs filed the subject suit in the Circuit Court of Yazoo County.  The current operative Complaint is the Amended Complaint, which was filed on July 16, 2002.  In summary, the allegations in the Amended Complaint are that

> [t]he actual settlement value of the case as alleged in the complaint [in the initial case] was $10,000,000.00; therefore, plaintiffs have been damaged by the difference between said actual settlement value and the gross amount of the settlement they were fraudulently induced to make. This difference is in excess of $9,000,000.00.

Amended Complaint, p. 6, ¶ 14.  For reasons that become apparent below, it is important to note that Plaintiffs never sought to rescind the settlement agreement pertaining to the initial suit.

Defendants removed the case to this Court on April 19, 2001, on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  Defendants alleged that the only non-diverse Defendant, Killens, was fraudulently joined.  Plaintiffs subsequently moved for remand.  Through an Order filed on August 17, 2001, the Judicial Panel on Multidistrict Litigation transferred this case to the United States District Court for the Southern District of Indiana.  That Court denied Plaintiffs' Motion to Remand and dismissed Killens from this case.  Defendant Firestone was also dismissed while the case was pending before the Southern District of Indiana.  On January 21, 2005, the case returned to this Court on Conditional Remand Order issued by the Judicial Panel on Multidistrict Litigation.

The Motion for Summary Judgment and Motion for Summary Judgment on Additional Grounds were filed on April 24, 2002, and May 20, 2002, while this case was pending before the Southern District of Indiana.  Both of these Motions are now ripe for consideration.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the opponent's claim.  Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point

to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III.  Analysis

The pivotal issue is whether Plaintiffs can seek additional damages resulting from the subject accident in light of the fact Plaintiffs reached a settlement agreement with Ford in the initial suit, reaped the financial benefits of that settlement agreement, and *never sought to rescind the agreement*. That is, Plaintiffs seek to retain the financial benefits of their settlement contract with Ford on the one hand, and on the other hand seek to avoid the non-beneficial aspects of the settlement agreement based on the

5

purported fraudulent conduct of Ford.  Under binding Mississippi law, Plaintiffs are not allowed to pursue such a course.[1]

The issue now confronting this Court was addressed by the Mississippi Supreme Court *en banc* in <u>Whittington v. H. T. Cottam Co.</u>, 130 So. 745 (Miss. 1930).  In <u>Whittington</u>, the plaintiff was injured in an auto accident.  While in an apparent sedated state, Whittington signed a release of his claims against the liable party, in return for $500.00 and payment of medical expenses.  Several months later, Whittington was informed by his barber that if the release was signed while he was sedated, then it was not binding.  Whittington subsequently hired an attorney and brought suit for additional damages.  However, Whittington never sought to rescind the settlement agreement by returning the benefit of the bargain, i.e., the $500.00.

Finding that Whittington's suit was barred by the principle of accord and satisfaction, the Mississippi Supreme Court held:

> If a party defrauded desires to disaffirm a contract procured by fraud, he must do so with reasonable dispatch after discovery of the fraud. <u>He must make his election, and this election must be made unreservedly. Knowing the facts, he cannot deal with the subject-matter of the contract and afterwards rescind it. The election is with him. He may affirm or disaffirm the contract, but he cannot do both.</u> If he has full opportunity to learn all the facts and the law applicable thereto, and fails, within a reasonable time, to rescind the contract, he is

---

[1] Because this cause is before the Court on the jurisdictional basis of diversity of citizenship, Mississippi state law controls the substantive issues.

>bound by it. He must exercise that degree of diligence which may be fairly expected from a reasonable person.

Whittington, 130 So. at 748 (emphasis added; citations omitted).

Plaintiffs in the subject case seek to accomplish precisely what is barred by the holdings in Whittington.  They seek to retain the monetary benefit of the settlement of the initial suit, without any risk of losing it, and seek to achieve further monetary gain by pursuing the exact same claims that were released in the initial suit.  Not only is this scenario barred by Whittington, it is completely inequitable and illogical.  For example, if the Court allows the case to survive summary judgment and proceed to a jury trial, what becomes of the settlement money already received by Plaintiffs if the jury finds in favor of Ford on the issue of liability?[2]  Would Plaintiffs then voluntarily return the settlement proceeds?  Would Ford have a viable cause of action against Plaintiffs if they failed to reimburse the settlement funds?

Fortunately, these questions need not be answered herewith because the objectives Plaintiffs seek to achieve in this suit are

---

[2] Plaintiffs appear to imply that the issue of liability is settled because judgments against Ford and/or Firestone have been entered in other courts based on the tread separation issue.  If Plaintiffs are in fact implying this, they are incorrect.  The facts of all tread separation cases vary, at least to some degree. For example, in this case Ford contends that the actions (alleged negligent driving) or inactions (failure to replace allegedly obviously worn out tires) of Bogy and Haffey caused, or at least contributed to the accident in issue.

barred by the holdings in <u>Whittington</u>.  The Motions for Summary Judgment of Ford must be granted.

## IV. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion for Summary Judgment and Motion for Summary Judgment on Additional Grounds filed by Defendant Ford Motor Company are hereby granted.[3]  A Final Judgment dismissing this case with prejudice will be entered.

SO ORDERED this the 28th day of February, 2006.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE

tct

---

[3] Because these Motions were filed while the case was pending before the United States District Court for the Southern District of Indiana, they have no docket entry numbers with the Clerk of this Court.